IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCURY ASSOCIATES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:23-CV-00280-K |
| | § | |
| PRIMORIS SERVICES CORPORATION, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Mercury Associates, Inc.'s ("Mercury") Motion to Dismiss Counts Two and Three of Defendant's Counterclaims (the "Motion to Dismiss") and Memorandum in support thereof, Doc. Nos. 19–20, Defendant Primoris Services Corporation's ("PSC") Response to Plaintiff's Motion to Dismiss Counts Two and Three of Defendant's Counterclaims, Doc. No. 24, and Mercury's Reply Memorandum in Support of Motion to Dismiss Counts Two and Three of Defendant's Counterclaims.  Doc. No. 25.

Upon consideration of the parties' submissions, the Court **GRANTS** Mercury's Motion to Dismiss PSC's claims for unjust enrichment and money had and received and **DISMISSES** the claims without prejudice.  PSC alleges that Mercury failed to adequately develop and service subscription-based fleet management software for which PSC paid Mercury more than a million dollars.  Doc. No. 10 at 11–16.  To recover its payments, PSC filed a claim for breach of contract, which Mercury does not

1

contest at this stage, and claims for unjust enrichment and money had and received, which Mercury moves to dismiss. *Id.* ¶¶ 39–57; Doc. No. 19. Because the basis for the latter claims is Mercury's allegedly unsatisfactory performance under the parties' software contract, they cannot proceed. PSC must content itself with the rights and remedies to which it agreed by contract.

For present purposes, the factual allegations necessary to understand the parties' positions are few. The parties agree that they entered a Software-as-a-Service Subscription Service Level Agreement, or "SLA." Doc. No. 10 at 11; Doc. No. 21 at 8. They also agree that the SLA is a valid contract and appear to agree about which document records the contract's terms. Doc. No. 1-1; Doc. No. 10, Ex. A; Doc. No. 24 at 3; Doc. No. 25 at 1–2. PSC says that the SLA required Mercury to provide PSC with various software modules, including modules that would track and centralize data about PSC's fleet, as well as supporting services, including setup of the software and training of PSC personnel. Doc. No. 10 at 14–16. According to PSC, Mercury took PSC's money in payment for these promised advantages but largely did not provide them or provided them shoddily in return. *Id.* This is the basis for PSC's claim that Mercury breached the SLA and its claim to recover the lost money under theories of unjust enrichment and money had and received. *Id.* at 17–18.

These allegations confirm that PSC's theories of unjust enrichment and money had and received turn on conduct governed by the contract known as the SLA, so the parties dispute whether PSC should have to drop the theories and proceed under the

SLA alone. Doc. No. 20 at 4–5; Doc. No. 24 at 3–4; Doc. No. 25 at 2–3. In an ordinary case, PSC could pursue a claim based on unjust enrichment if Mercury obtained a benefit from PSC by fraud, duress, or taking an undue advantage. *Hoover Panel Sys., Inc. v. HAT Cont., Inc.*, 819 F. App'x 190, 199 n.1 (5th Cir. 2020) (per curiam). That path to recovery would disappear if the SLA were a valid, express contract that covered the subject matter of the parties' dispute. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). In that case, the parties' agreement would displace non-consensual principles of unjust enrichment that would otherwise regulate the parties' interactions. *Id.* To give effect to the displacement, the Court would have to dismiss PSC's claim upon concluding that the existence and applicability of the agreement were apparent. *See Interval Int'l, Inc. v. Trinity Millennium Grp., Inc.*, 2016 WL 7395340, at *4–5 (N.D. Tex. Jan. 26, 2016) (Solis, J.); *Indep. Bankersbank v. Canyon Cmty. Bank*, 13 F. Supp. 3d 661, 672 (N.D. Tex. 2014) (Fitzwater, J.). The same result would hold for PSC's overlapping claim based on money had and received, which posits that PSC's unreturned payments to Mercury belong to PSC in "equity and good conscience." *See Partners & Friends Holding Corp. v. Cottonwood Mins. L.L.C.*, 653 F. Supp. 3d 344, 349 (N.D. Tex. 2023) (Kacsmaryk, J.) (citation omitted), *aff'd*, 2023 WL 8649880 (5th Cir. Dec. 14, 2023); *Harkrider v. Blue Cross & Blue Shield of Tex.*, 2023 WL 3586428, at *2 (S.D. Tex. May 22, 2023) (Rosenthal, J.).

The appropriateness of dismissing PSC's claims based on unjust enrichment and money had and received in favor of its claim for breach of the SLA is sufficiently

apparent. The parties agree that the SLA is a valid contract. Doc. No. 24 at 3; Doc. No. 25 at 1. Mercury's alleged wrongdoing is also comfortably within the subject matter of the SLA. Mercury purportedly retained PSC's payments under the SLA without providing PSC the products and services the SLA required it to provide. Doc. No. 10 ¶¶ 45–57. The SLA must govern the parties' dispute over this alleged wrongdoing to the exclusion of principles of unjust enrichment or money had and received. *See Interval Int'l*, 2016 WL 7395340, at *5 (dismissing unjust enrichment claim based on failure to provide software services under contract); *Curtis v. Cerner Corp.*, 621 B.R. 141, 177 (S.D. Tex. 2020) (similar).

PSC proposes three ways of reconciling its unjust enrichment and money had and received theories with the existence of the SLA, but none of them works.

The first proposal depends on PSC's mistaken belief that the parties' disagreement about the interpretation of the SLA gives it the option to pursue alternative relief in unjust enrichment and money had and received. PSC is correct that a disagreement about the terms of the SLA might be a reason to leave the availability of such relief open until the Court resolves the disagreement. *See* Doc. No. 24 at 3 (citing *Cahill v. Turnkey Vacation Rentals, Inc.*, 500 F. Supp. 3d 569, 576 (W.D. Tex. 2020)). If the terms are in dispute, the Court may not be able to tell whether the parties agreed to be bound by a particular version of the SLA or whether Mercury's allegedly wrongful conduct is within the scope of the SLA. *See Arya Risk Mgmt. Sys., Pvt. Ltd. v. Dufossat Cap. P.R., LLC*, 2022 WL 1644530, at *14 (S.D. Tex. May 24, 2022). The Court cannot

4

agree with PSC that these observations apply to its dispute with Mercury. Whatever differences may exist in PSC's and Mercury's interpretations of the SLA, there is no doubt that the SLA governs the payment for and provision of fleet management software and supporting services that are at the heart of PSC's claims. *See McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 828 (Tex. App.—Dallas 2010, no pet.) (affirming summary judgment dismissal of unjust enrichment and money had and received claims because express contract governed the defendant's conduct regardless of how the court resolved ambiguity in the terms of the contract); *King v. Baylor Univ.*, 46 F.4th 344, 369 (5th Cir. 2022) (reaching a similar conclusion at the motion to dismiss stage).

In its second proposal, PSC again proceeds from a sound premise to an unsound result. It invokes the rule that a party who pays more than a contract requires can generally recover the excess from the recipient counterparty. Doc. No. 24 at 3. Such recovery is usually consistent with the contract because it targets a payment that the contract neither contemplated nor prohibited. *See Villarreal v. First Presidio Bank*, 744 F. App'x 204, 207 (5th Cir. 2018) (per curiam); *cf. Itani v. Viant, Inc.*, 2012 WL 13019683, at *6 (N.D. Tex. Sept. 4, 2012) (Means, J.) (refusing recovery where contract specifically addressed overpayment). That reasoning does not extend to PSC's claims based on unjust enrichment and money had and received because PSC has not pled that it paid Mercury more than the SLA required. PSC's pleading and briefing are somewhat opaque on the point, but PSC appears to contend simply that it paid Mercury amounts stipulated in the SLA and failed to receive the benefits promised to

5

it in the SLA in return. *See* Doc. No. 10 ¶ 32 & Exs. B, D. The remedy for this disappointment is under the SLA. *See JPM Restoration, Inc. v. ARES LLC*, 2021 WL 487696, at *4 (N.D. Tex. Feb. 10, 2021) (Boyle, J.); *Cahill*, 500 F. Supp. 3d at 576.

PSC's last proposal for salvaging its claims based on unjust enrichment and money had and received strays into unpled speculation. Extrapolating from its allegation that Mercury's work was poor and slow, PSC conjectures that Mercury "possibl[y]" extracted PSC's payments under the SLA by fraudulently misrepresenting the status of its work. Doc. No. 24 at 3 (citing Doc. No. 10 ¶¶ 26–35). While some courts have found that allegations of fraud support will support a claim based on unjust enrichment alongside a claim for breach of contract—at least if the fraud itself would support an independent fraud claim—PSC has not pled enough facts to press this theory. *See Berry v. FCA US, LLC*, 2022 WL 18671067, at *10 (S.D. Tex. Mar. 25, 2022) (permitting unjust enrichment claim based on fraud that was itself actionable); *cf. Duke Energy Int'l, L.L.C. v. Napoli*, 748 F. Supp. 2d 656, 675 (S.D. Tex. 2010) (finding that allegations of fraudulent inducement cannot save an unjust enrichment claim based on conduct within the subject matter of an express contract when the claimant recognizes the contract and sues on it). Setting aside the speculation in its briefing, PSC does not allege that Mercury engaged in fraud or plead any factual details supporting such an allegation. If PSC wishes to rely on allegations of fraud, it must plead them.

The Court concludes that the existence of the SLA forecloses PSC's claims based unjust enrichment and money had and received, **GRANTS** Mercury's Motion to

6

Dismiss the claims, and **DISMISSES** them without prejudice. If PSC has a good faith basis to do so, it **MAY FILE** a motion for leave to amend its Counterclaims no later than fourteen days after the entry of this order. As an attachment to any such motion, it **SHALL FILE** a redline showing the differences between its proposed amended pleading and its original Counterclaims.

**SO ORDERED.**

Signed March 4th, 2024.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE